UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARK HENIG,

              Plaintiff,
                                          MEMORANDUM & ORDER
      -against-                    18-CV-6089(JS)(AYS)

SPCA OF SUFFOLK COUNTY,

              Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:       Mark Henig, pro se
                        145 Wright Avenue
                        Deer Park, NY 11729

For Defendant:      No appearance.

SEYBERT, District Judge:

        On October 24, 2018, pro se plaintiff Mark Henig ("Plaintiff") filed a Complaint in this Court pursuant to 18 U.S.C. §§ 43 and 242 against the Society for the Prevention of Cruelty to Animals of Suffolk County ("SPCA" or "Defendant"). Plaintiff did not pay the Court's filing fee nor did he file an application to proceed in forma pauperis at the time the Complaint was filed. Accordingly, by Notice of Deficiency dated October 31, 2018, (see Notice, Docket Entry 3), Plaintiff was advised that, in order for his case to proceed, he must either remit the $400.00 filing fee or file an application to proceed in forma pauperis within fourteen (14) days from the date of the Notice. On November 21, 2018, Plaintiff filed an application to proceed in forma pauperis. (See IFP Mot., Docket Entry 7.) Albeit untimely filed, the Court

accepts it for filing.

For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED but the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

BACKGROUND[1]

Plaintiff's brief Complaint seeks to challenge the SCSPCA's alleged unlawful seizure of his five service dogs. According to the Complaint, Plaintiff called 911 after he "took a bad fall" at his home and, at that time, his dogs were placed in the care of the SPCA. (Compl. at 1.) Plaintiff alleges that he was then "forced . . . to sign his five service dogs over to them who had been his service dogs for over ten years for depression." (Compl. at 1.) Plaintiff claims that an unidentified employee of the SPCA forced him to sign over his dogs and he was led to believe that he would go to jail if he didn't sign over the dogs. (Compl. at 1.)

Plaintiff alleges that his home was in a state of disrepair and, during a proceeding in state court in Riverhead,

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

New York, Plaintiff claims that the judge entered a stay whereby Plaintiff's dogs were not to be adopted until the judge determined, following the completion of the repairs to Plaintiff's residence, that the dogs either be returned to Plaintiff or made available for adoption. Plaintiff alleges that the SPCA ignored the judge's order to stay and deceived him by telling him that the dogs were still in their care. (Compl. at 2.)

As a result of the foregoing, Plaintiff claims to have suffered "permanent emotional harm" for the SPCA's violation of 18 U.S.C. §§ 43, 242. (Compl. at 1-2.) For relief, Plaintiff seeks to recover monetary compensation in the sum of $75,000 as well as the return of his dogs "from the families who now have them in their care." (Compl. at 2.)

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Standard of Review

The Court is required to read a pro se plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests. See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Irrespective of whether they are drafted pro se, all complaints must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. No Private Right of Action Under 18 U.S.C. §§ 43, 242

Plaintiff brings his claims pursuant to two criminal

statutes: The Animal Enterprise Terrorism Act, 18 U.S.C. § 43 (criminalizing "force, violence, and threats involving animal enterprises") and 18 U.S.C. § 242 (prohibiting an individual from acting under color of state law to deprive another of his or her civil or constitutional rights). However, there exists no private right of action to enforce these criminal statutes, which, as a general matter, are prosecuted by the government and not by private individuals. See Hill v. Didio, 191 F. App'x 13, 14 (2d Cir. 2006) (no private right of action under 18 U.S.C. § 242 (citing Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994)); Paselk v. State of Tex., 12-CV-0754, 2013 WL 4791417, *17 (E.D. Tex. Sept. 5, 2013) (dismissing with prejudice claims brought pursuant to 18 U.S.C. § 43 because "there is no private right of action under the Animal Enterprise Terrorism Act"). Accordingly, because there is no private right of action, Plaintiff's claims pursuant to 28 U.S.C. §§ 43 and 242 are not plausible and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Given Plaintiff's pro se status, the Court has considered whether a plausible claim is alleged when construed to include a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

However, for the reasons set forth below, the Court finds that it does not.

To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

The sole Defendant, SCSPCA, "is a private, not-for-profit corporation existing under the laws of the State of New York." Petrusa v. Suffolk Cty. Soc. for the Prevention of Cruelty to Animals, 05-CV-6017, 2009 WL 1796996, *1 (E.D.N.Y. Jun. 24, 2009) (dismissing Section 1983 claims against SCSPCA as a matter of law because it is not a state actor); but see Fabrikant v. French, 691 F.3d 193, (2d Cir. 2012) (finding, as a matter of first impression, that a private animal rescue may act under color of state law for purposes of Section 1983 when they spay or neuter a seized animal without the owner's knowledge or consent). Thus, for purposes of this Order only, the Court presumes that the SCSPCA is a state actor in the circumstances presented here.

It is well-established that an entity such as SCSPCA cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. To establish the existence of a policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the entity, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making

officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against the SPCA, even assuming state action. Indeed, "[a] single incident in a complaint . . . does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted). Accordingly, Plaintiff's Complaint, even as construed to include a Section 1983 claim, does not allege a plausible claim.

V.  Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defect in Plaintiff's claims is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, but the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore should Plaintiff seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May  31 , 2019
 Central Islip, New York